### In re OREGON TRUST & SAVINGS BANK.

(District Court, D. Oregon. October 15, 1907.)

No. 1,178.

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—BANKING CORPORATION.

The provision of Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], which excludes from debtors subject to proceedings in involuntary bankruptcy "banks incorporated under state or territorial laws," applies to a corporation organized for the purpose of carrying on a banking business under the general incorporation statutes of a state which had no special laws relating to banking corporations.

[Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy. On demurrer to petition in involuntary bankruptcy.

[1] 147 Fed. 177, 77 C. C. A. 473.

W. R. McGarry and A. E. Clark, for petitioning creditors.
Dolph, Mallory, Simon & Gearin, for bank.

WOLVERTON, District Judge. A demurrer is interposed to the petition in bankruptcy, assigning as a ground therefor that it appears on the face of the petition that the corporation named in the petition is not subject to be adjudged a bankrupt under the provisions of the bankruptcy act approved July 1, 1898 (30 Stat. 544, c. 541 [U. S. Comp. St. 1901, p. 3418]). The petition alleges that the Oregon Trust & Savings Bank is now, and for several years last past was, a corporation organized, created, and existing under and by virtue of the laws of the state of Oregon; that said Oregon Trust & Savings Bank was and is a corporation, and during all the time herein mentioned conducted and operated a bank of discount and deposit, and the occupation of such corporation during all of said time was general banking. The question was presented at the argument, and arises under the demurrer, whether the corporation is such a one as may be forced into involuntary bankruptcy.

Section 4, subd. "b," provides, among other things, that:

"Private bankers, but not national banks or banks incorporated under state or territorial laws, may be adjudged involuntary bankrupts."

Nothing seems to be plainer than that it was the intention of Congress to exempt all banks incorporated under state or territorial laws from the operation of the act. Under the statutes of the state of Oregon provisions are made for forming corporations, and by virtue of such laws, therefore, corporations might be and are frequently formed for carrying on a banking business. The organization of banks, therefore, comes within the purview of the statutes, and it does not seem to me that it makes any difference as to the effect of the law that no particular laws were made until recently for the regulation of banks organized under the laws of the state. The banks are, nevertheless, organized for the purpose of carrying on a banking business, and hence such corporations come within the intendment of that clause of the bankruptcy act which has been heretofore alluded to, and therefore are not subject to be adjudged involuntary bankrupts.

The demurrer will be sustained.